UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYOMBE D. BOLDEN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | CAUSE NO.   1:17cr7 DRL <br> 1:23cv252 DRL |

OPINION AND ORDER

Kyombe Bolden filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that his attorney was ineffective and that his plea was involuntary. The court denies the petition and denies a certificate of appealability.

BACKGROUND

In October 2014, Kyombe Bolden and his three co-defendants shot into a rival gang member's home, injuring one innocent victim, traumatizing another, and hitting the wall just above a bed where children slept [468 at 3]. Together they were members of the 2500 gang responsible for distributing guns and drugs in Indiana. Mr. Bolden pleaded guilty to counts 9-14 of an 18-count indictment—one count of assault with a dangerous weapon in aid of racketeering, *see* 18 U.S.C. §§ 2, 1959(a)(3); two counts of attempted assault with a dangerous weapon in aid of racketeering, *see* 18 U.S.C. §§ 2, 1959(a)(6); and three counts of discharging a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c).

In August 2021, the court sentenced Mr. Bolden to 36 months on counts 9 and 11; 204 months on count 13 to run concurrently; and 120 months on counts 10, 12, and 14 to be served consecutively, for an aggregate sentence of 324 months [462]. Mr. Bolden appealed, and the court of appeals affirmed except to direct that the § 924(c) convictions be merged. *See United States v. Bolden*, 2022 U.S. App. LEXIS 31485, 7 (7th Cir. Nov. 15, 2022). The court did not allow him to withdraw his plea. *Id.*

On remand, this court merged counts 12 and 14 with count 10 and reduced the special assessment, but it otherwise left unchanged the 324-month aggregate sentence [525]. Mr. Bolden filed this petition arguing that his counsel was ineffective and that his guilty plea was involuntary.

## STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

A. *Ineffective Assistance of Counsel.*

Mr. Bolden argues that his counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (collecting cases). To show a violation of this right, a defendant must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Courts "presume that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Mr. Bolden argues that his attorney's actions prevented him from entering into a knowing and voluntary plea—specifically with reference to the possible penalty he faced. He couches his ineffective assistance claim as a "failure to investigate," but his primary complaint centers around his counsel's alleged failure to advise him that he could plead guilty to multiple § 924(c) convictions but could only be sentenced once for all § 924(c) convictions [533 at 4; 535 at 3]. He says he was prejudiced because, had his counsel investigated and advised him of this dynamic, he could have secured a better plea agreement. He says he only pleaded guilty because he thought the multiple § 924(c) convictions would result in multiple sentences [533 at 4].

The government notes, correctly, that Mr. Bolden's counsel had no obligation to advise him that he couldn't plead guilty to multiple § 924(c) counts because the law says he can. *See United States v. Cureton*, 739 F.3d 1032, 1040-45 (7th Cir. 2014). Each § 924(c) count dealt with a particular assault with a specific

3

victim [1]. The government may pursue multiple theories of violation even through trial. *See United States v. Bloch*, 718 F.3d 638, 643 (7th Cir. 2013). The counts were not identical, so he could—and did—plead guilty to each. On this record, the law thereafter merges the counts for judgment.

The government also argues that Mr. Bolden can't show any prejudice. And he can't. There was no harm. Mr. Bolden suggests he pleaded guilty to each of the three § 924(c) counts only because he believed he would get *more* mandatory time—30 years instead of 10 years. In fact, he got *less*—10 years instead of 30 years—and exactly how the law requires the § 924(c) sentences to be merged under the facts here. *See Cureton*, 739 F.3d at 1040-44. There was no harm in getting a 20-year lower aggregate sentence.

In addition, the record forecloses any finding of error by trial counsel. Mr. Bolden's alleged error is "belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations and citation omitted).

The court's colloquy can "'ameliorate the adverse impact of his counsel's misinformation.'" *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (quoting *Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003)). Though certain statements made at a plea hearing may be impacted by a counsel's constitutionally ineffective actions, *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013), a court should "not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies," *Lee v. United States*, 582 U.S. 357, 369 (2017).

A defendant's incorrect belief about his sentence alone is insufficient to warrant relief. *United States v. Redmond*, 667 F.3d 863, 872-73 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003). And a defendant need not understand how a court will structure the ultimate sentence, not least with the more esoteric workings of merger or

the more common applications of concurrent or consecutive sentences, so long as he understands the nature of the charges and the potential sentences that could be imposed. *See, e.g., United States v. Henry*, 702 F.3d 377, 381 (7th Cir. 2012) ("court was not required to advise [the defendant] that his federal sentence might be imposed to run consecutive"); *United States v. Ray*, 828 F.2d 399, 418 (7th Cir. 1987) ("whether the federal sentence runs concurrently with or consecutively to the state sentence is not a direct consequence of the plea"); *see also* Fed. R. Crim P. 11(b)(1).

Throughout the plea and subsequent proceedings, everyone understood—and indeed, Mr. Bolden argued for at sentencing—a 10-year term on the three § 924(c) counts to run consecutive to the others. He pleaded guilty before a magistrate judge, who instructed him that the "maximum possible penalty for [his] conviction on Counts 10, 12, and 14 on each count is imprisonment of not less than 10 years, because the firearm was discharged…with any term of imprisonment on those counts running consecutively to any other term of imprisonment" [431 Tr. 16]. Mr. Bolden, under oath, indicated that he understood this [*id.*]. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (defendant's statements at plea colloquy are presumed true); *see also United States v. Purnell*, 701 F.3d 1186, 1190-91 (7th Cir. 2012) (court may reject allegations that depend on defendant committing perjury at plea hearing). The court added that it had "no authority to sentence [Mr. Bolden] below any mandatory minimum term of imprisonment, which in this case is 10 years," and he again confirmed he understood [431 Tr. 18].

Mr. Bolden's plea agreement, which he confirmed he read with counsel [*id.* Tr. 9], contained the same language, outlining the 10-year sentence on these § 924(c) counts to run consecutive to any other sentences [270 at 5]. Additionally, Mr. Bolden argued in writing for a 10-year sentence on the § 924(c) convictions [341 at 10], and his counsel argued a recommended aggregate sentence with only the 10-year consecutive sentence in mind at the hearing [501 Tr. 32]. Even the government recommended a consecutive 120-month sentence on the § 924(c) counts, albeit concurrent rather than merged ones [*id.*

5

Tr. 12]. But functionally, concurrent and merged terms worked the same in the sentence's length, only differently for the number of convictions. *See also Bolden*, 2022 U.S. App. LEXIS 31485 at 3.

The court of appeals found that in negotiating guilty pleas, "the four defendants, their lawyers, and the prosecutor all assumed that the district court would impose concurrent sentences on the § 1959 crimes and concurrent sentences on the § 924 crimes, but run the racketeering and firearms sentences consecutively." *Id.* at 2. No one was operating under the assumption that Mr. Bolden was facing a 30-year minimum, including Mr. Bolden on this record. Nor, even if he were, was counsel somehow ineffective (or his plea less than voluntary) for not knowing of the potential of the § 924(c) counts to merge. *See Henry*, 702 F.3d at 381; *Ray*, 828 F.2d at 418. There was no failure of performance or any prejudice. The court denies *habeas corpus* relief on this ground.

   B.  *Involuntary Plea.*

Mr. Bolden next says his plea was involuntary because the government excised parts of the plea agreement without letting him withdraw and because he faced a multiplicitous indictment. He offers no additional color to the first point, leaving this to be merely conclusory; but on reply he focuses on either his prior arguments about his guilty plea or merger of the § 924(c) counts—the latter addressed today, and the former addressed in detail by both this court and on direct appeal. Two courts have found that Mr. Bolden entered into a knowing and voluntary plea and should not be allowed to withdraw [437]. *See Bolden*, 2022 U.S. App. LEXIS 31485 at 5. There is no good reason to reexamine the finding based on earlier arguments. *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005).

The multiplicity argument is new. "A multiplicitous indictment charges a single offense as separate counts," and the argument requires a defendant to show that the acts alleged are duplicative (with reference to the unit of prosecution or the minimum amount of activity for which criminal liability attaches). *United States v. Corrigan*, 912 F.3d 422, 428 (7th Cir. 2019). Mr. Bolden doesn't point to anything in the record where he attempted to advance this argument on direct appeal, so it is procedurally

defaulted. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004) (petitioner procedurally barred from arguing that his plea was involuntary after failing to raise it on direct appeal); *United States v. Griffin*, 765 F.2d 677, 680 (7th Cir. 1985) (defendant who failed to include multiplicity claim in original appeal was "barred from bringing that issue in a § 2255 petition unless he [could] demonstrate good cause for his failure to appeal the issue"). Mr. Bolden replies that he raised the argument on direct appeal, noting that his first argument was that his plea wasn't knowing and voluntary. But his prior complaints regarding his plea dealt with an attempted murder sentencing enhancement [407] and merger, *see Bolden*, 2022 U.S. App. LEXIS 31485 at 3, not a multiplicitous indictment.

Though multiplicitous charges "may prejudice a defendant" because a "defendant may not understand the charges," that isn't the case here. *United States v. Shorter*, 874 F.3d 969, 976 (7th Cir. 2017). Mr. Bolden hasn't pointed to any way in which he was prejudiced; and, as discussed already, he confirmed during his plea hearing that he understood all the charges against him and the potential sentences he faced [431 Tr. 21-26 (reviewing elements and admitting guilt), 17-18 (reviewing mandatory minimum sentence)]. *See* Fed. R. Crim. P. 11. The court denies the petition on this ground.

## CERTIFICATE OF APPEALABILITY

Mr. Bolden fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and Mr. Bolden's petition is denied. *See Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Based on the assertions Mr. Bolden has made in this petition, including assertions that were defaulted and directly contrast the record before the court, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

The court DENIES Mr. Bolden's petition to vacate his sentence under 28 U.S.C. § 2255 [533] and DENIES a certificate of appealability. This order terminates the civil case [Cause No. 1:23cv252].

SO ORDERED.

August 20, 2024                                     *s/ Damon R. Leichty*
                                                    Judge, United States District Court